United States District Court
Southern District of Texas
**ENTERED**
June 29, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANGELA PINTO, | § | |
| Plaintiff, | § § § | |
| V. | § § | CIVIL ACTION NO. H-16-1236 |
| GERARDO GOVEA AND D/B/A TAQUERIA GOVEA, | § § § § | |
| Defendants. | § § | |

## MEMORANDUM AND RECOMMENDATION

Pending and referred is Defendant Taqueria Govea's Motion for Summary Judgment (Document No. 19) in which Defendant argues that Plaintiff is not covered by the Fair Labor Standards Act ("FLSA"). Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. Plaintiff alleges Defendant violated the FLSA by failing to pay her overtime at one and one half times her salary for each hour she worked in excess of forty hours per week. *Id.* § 207(a). Plaintiff's same factual allegations support various state law claims: violations of the Texas Payday Act, breach of contract, fraud and misrepresentation, fraudulent inducement, promissory estoppel, and quantum meruit. Plaintiff has not, to this date, filed a response to Defendant Taqueria Govea's Motion for Summary Judgment.

Having considered the Motion for Summary Judgment, the absence of a response from Plaintiff, and the federal claim at issue, the Magistrate Judge RECOMMENDS, for the reasons explained below, that Defendant's Motion for Summary Judgment on the FLSA claim be GRANTED.

1

Also, the Magistrate Judge RECOMMENDS, for the reasons explained below, that the Court decline to exercise supplemental jurisdiction over the remaining state law claims and that those claims be DISMISSED WITHOUT PREJUDICE.

**Background**

On May 4, 2016, Plaintiff Angela Pinto filed a Complaint, alleging violations of the FLSA (Document No. 1). On July 1, 2016, Defendants filed an answer. (Document No. 5). On January 3, 2018, Defendants filed a Motion for Summary Judgment arguing that, even if they employed Plaintiff, she is not entitled to FLSA's protections because of the localized character of her work (Document No. 19).

Husband and wife Gerardo Govea and Susana Ramirez operate Taqueria Govea, a Houston food truck that sells food to public passers-by. (Document No. 19-1) at 1. The truck is located at 222 #B Allen Genoa Rd., Houston, Texas, 77017. *Id.* Angela Pinto alleges she worked for Taqueria Govea and was denied both wages and overtime wages. (Document No. 1) at 4. Defendants deny they ever employed a person by the name "Angela Pinto." (Document No. 19) at 5. Susana Ramirez, on behalf of Taqueria Govea, admits that they did employ an individual named Esperanza Alvarado from 2013 to 2014, but Ramirez maintains that this employee never worked for more than 40 hours per week. (Document No. 19-1) at 1. The summary judgment evidence shows that Taqueria Govea employs two full-time employees, whose responsibilities include preparing food, cleaning the truck, handing food to customers, and accepting money from customers. *Id.* at 1. Taqueria Govea does not order supplies from outside Texas. *Id.* Taqueria Govea and its employees do not use services that cross state lines, like the U.S. Postal Service or interstate phone lines. In other words, Taqueria Govea is a purely intrastate enterprise. *Id.* Moreover, the employees working

for Taqueria Govea are limited to work in or around the food truck, all of which takes place in Houston, Texas. *Id.*

**Summary Judgment Standard**

Rule 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party must initially "demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 106 S. Ct. 2548, 2553 (1986). Once the moving party meets its burden, the burden shifts to the nonmovant, "who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists" and that summary judgment should not be granted. *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 412 (5th Cir. 2008); *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).[1] A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials in a pleading, and unsubstantiated assertions that a fact issue exists will not suffice. *Celotex*, 106 S. Ct. at 2548. Instead, "the nonmoving party must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris*, 144 F.3d at 380.

In considering a motion for summary judgment, all reasonable inferences to be drawn from both the evidence and undisputed facts are be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 106 S. Ct. 1348, 1356 (1986). "If the record, viewed in this light, could not lead a rational trier of fact to find" for the nonmovant, then

---

[1] Where "the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim." *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 412 (5th Cir. 2008).

summary judgment is proper. *Kelley v. Price- Macemon, Inc.*, 992 F.2d 1408, 1413 (5th Cir. 1993) (citing *Matsushita*, 106 S. Ct. at 1351). On the other hand, if "the factfinder could reasonably find in [the nonmovant's] favor, then summary judgment is improper." *Id.* Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that "the better course would be to proceed to a full trial." *Anderson*, 106 S. Ct. at 2513.

**Statutory Framework**

The protections contained in the Fair Labor Standards Act apply to two classes of employees. 29 U.S.C. § 207 (2012). The FLSA covers those "employed in an enterprise engaged in commerce or in the production of goods for commerce." *Id.* § 207(a)(1). *See Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992) (describing such coverage under the FLSA as "enterprise coverage"). To be an "enterprise engaged in commerce," the enterprise must, among other requirements, earn at least $500,000 in annual gross volume of sales. 29 U.S.C. § 207(a)(1); *Id.* § 203(s)(1)(A)(ii). The FLSA also covers employees "engaged in commerce or in the production of goods for commerce." *Martin*, 955 F.2d at 1029 (describing such coverage under the FLSA as "individual coverage").

The Department of Labor issued a regulation explaining the "for commerce" language of the FLSA, "Goods are produced 'for' such commerce where the employer intends, expects, or has reason to believe that the goods…will move…in such interstate or foreign commerce." 29 C.F.R. § 776.21. Another regulation provides, "Employees…who sell…or otherwise work on goods to be shipped or delivered outside the state are engaged in the production of goods for commerce." *Id.* § 779.104.

In *Mitchell*, the U.S. Supreme Court created a test for the "engaged in commerce" standard: "The test is whether the work is so directly and vitally related to the functioning of an

instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated, local activity." *Mitchell v. C.W. Vollmer & Co.*, 349 U.S. 427, 430 (1955).

Cases applying the *Mitchell* test are instructive. In *Sobrinio v. Medical Center Visitor's Lodge, Inc.*, 474 F.3d 828, 830 (5th Cir. 2007), the court found an employee responsible for driving motel patrons around the city was not "engaged in commerce." The fact that he drove some out of state patrons did not change the analysis. *Id.* at 829. The court noted, in dicta, that had the plaintiff driven patrons to and from the Houston airport, he might be "engaged in commerce." *Id.*

In *Stanley v. Sawh*, Civ. A. H-133284, U.S. Dist. Lexis 17287, at *10 (S.D. Tex. Feb. 12, 2016), an employee at a tire shop near an interstate highway was not engaged in commerce. The employee could point to no evidence demonstrating that the tires he worked on crossed state lines. *Id.* Even if he could, the connection would be too attenuated. *Id.* at *11; *see also Mendoza v. Detail Solutions, LLC.*, 911 F. Supp. 2d 433, 440 (N.D. Tex. 2012) ("the mere washing of cars that have once moved in commerce is not closely related to the moving of those cars in commerce"). Moreover, in neither case did the employee use any instrumentality of interstate commerce during the performance of his job duties. *Stanley*, U.S. Dist. Lexis 17287, at *11; *Mendoza*, 911 F. Supp. 2d at 440.

**Discussion**

The undisputed summary judgment evidence indicates Taqueria Govea earned gross revenues of $23,550 in 2014, $35,000 in 2013, and $35,500 in 2015. (Document No. 19) at 5. Because Taqueria Govea never earned $500,000 in any given year over the relevant time period, it is not an "enterprise engaged in commerce" as the FLSA defines that term. 29 U.S.C. § 207(a)(1). Thus, its employees, including the Plaintiff in this case, cannot secure FLSA protections through enterprise coverage.

Therefore, in order to fall within FLSA's protections, Angela Pinto must be "engaged in commerce" individually, as the FLSA defines the phrase. The uncontroverted summary judgment evidence indicates Angela Pinto does not "work on goods to be shipped or delivered outside the state." 29 C.F.R. § 779.14. Instead, Angela Pinto, like all Taqueria Govea employees from 2013-2015, worked on goods destined for purely intrastate consumption (people walking past the food truck in Houston, TX). That alone does not preclude Angela Pinto from individual coverage under the FLSA if she satisfies the *Mitchell* test: work "directly and vitally" related to an instrumentality of interstate commerce. 349 U.S. at 430.

Angela Pinto and her localized work for Taqueria Govea does not satisfy the *Mitchell* test because of its isolated nature and attenuated connection to interstate commerce. *Id.* Angela Pinto's work is not "directly and vitally" related to an instrumentality of interstate commerce. Like the employees in both *Stanley* and *Mendoza*, Angela Pinto's job did not involve the use of an instrumentality of interstate commerce. Document No. 19 at 4. Plaintiff's connection to interstate commerce is even weaker than the connections rejected as insufficient in *Sobrinio* and *Stanley*. In *Sobrinio*, the plaintiff shuttled patrons, including out of state patrons, around the city and could credibly argue he was facilitating interstate commerce. In *Stanley*, the plaintiff worked at a tire shop near a heavily trafficked interstate. The plaintiff's work likely helped facilitate interstate travel. Angela Pinto, by contrast, cannot even claim her work at Taqueria Govea facilitated interstate travel. A small, local business with no national brand name has nothing to do with an instrumentality of interstate commerce. Instead, her work at the taco truck was "isolated, local activity," meaning she was not "engaged in commerce" as the FLSA defines it and not entitled to individual coverage under the FLSA. Summary judgment is therefore warranted on Plaintiff's FLSA claim.

**Supplemental Jurisdiction**

Plaintiff's remaining claims against Defendant Taqueria Govea are all state law claims. Assuming the Court grants Defendant's Motion for Summary Judgment, Defendant asks that the remaining state law claims be dismissed. (Document No. 19) at 10.

**Supplemental Jurisdiction Standard**

U.S. district courts have supplemental jurisdiction over claims so related to those "within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a) (2012).

Whether to exercise supplemental jurisdiction in a given case is within the discretion of the district court. *City of Chicago v. Int'l. College of Surgeons*, 522 U.S. 156, 173 (1997); *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989); *Guzzino v. Felterman*, 191 F.3d 588, 595 (5th Cir. 1999) ("wide discretion vested in the trial court to order a remand of state claims on the heels of a dismissal of federal claims").

When assessing the remaining state law claims, and whether to exercise supplemental jurisdiction over those claims, courts consider four statutory factors: whether the claims present novel or complex issues of state law; whether the claims substantially predominate over the ones in which the court had original jurisdiction; whether the district court has dismissed all claims over which it had original jurisdiction; and, in exceptional circumstances, for other compelling reasons. 28 U.S.C. § 1367(c)(1)-(4). Courts must also consider common law factors of judicial economy, convenience, fairness, and comity. *Enochs v. Lampasas County*, 641 F.3d 155, 159 (5th Cir. 2011); *City of Chicago*, 522 U.S. at 173 (listing these factors). "No single factor…is dispositive" in the analysis. *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 587 (5th Cir. 1992). Rather, all the factors are considered on a case-by-case basis. *Id.*

In the usual case, when all federal law claims are dismissed before trial, the factors—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state law claims. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 364 n.7 (1988).

If the court declines to exercise jurisdiction over the remaining claims, the court must dismiss the claims without prejudice. *See Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999) ("dismissal of the pendent claims should expressly be *without* prejudice"). Parties wishing to further pursue their claims must refile them in state court. *Jinks v. Richland County*, 538 U.S. 456, 459 (2003). § 1367(d) provides, "The period of limitations…shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." 42 U.S.C. § 1367(d). So, absent state law providing a longer period, parties have 30 days after the dismissal of their claims in federal court, plus whatever period was left on the statute of limitations on the date the claims were filed in federal court, to refile in state court. *Artis v. District of Columbia*, 138 S. Ct. 594, 603 (2018).

**Discussion**

Because multiple statutory and common law factors weigh against exercising supplemental jurisdiction over the remaining state law claims involved here, the claims should be dismissed without prejudice. The remaining claims include violations of the Texas Payday Act, breach of contract, fraud and misrepresentation, fraudulent inducement, promissory estoppel, and quantum meruit. Admittedly, the first factor—potential complexity or novelty of the involved state law claims—might support exercising jurisdiction. 28 U.S.C. § 1367(c)(1). Even assuming the Texas Payday Act is a straightforward statute capable of easy application, the second factor—whether the remaining claims predominate over the one in which the court had original jurisdiction—points

toward declining jurisdiction. *Id.* § 1367(c)(2). The federal court had original jurisdiction over the FLSA claim. *Id.* § 1331. The remaining claims are governed by state law. The Texas Payday Act is a Texas statute, while the breach of contract claim will be governed by Texas contract law. In other words, the majority of Plaintiff's claims are state claims. Moreover, because the FLSA claim was dismissed, the third factor—whether the district court has dismissed all claims over which it had original jurisdiction—also points toward declining jurisdiction. *Id.* § 1367(c)(3).

The common law factors—judicial economy, fairness, convenience, and comity—also weigh in favor of dismissing the remaining claims without prejudice. Letting Texas decide claims based on Texas law is a matter of judicial comity, or respect, for the Texas court system. The other factors point the same way. Deciding these claims in a state courthouse in Houston, Texas is as fair and convenient as deciding the claims in a federal courthouse in Houston, Texas. Finally, judicial economy counsels dismissing the claims without prejudice. State claims (and Plaintiff's remaining claims are all state claims) should not crowd out federal claims on a federal docket. In other words, federal courts should prioritize hearing claims within their original jurisdiction instead of those within their supplemental jurisdiction.

Plaintiff has 30 days plus whatever time was left on the relevant statute of limitations when Plaintiff filed in federal court to refile the claims in state court.

**Conclusion and Recommendation**

Based on the foregoing, the Magistrate Judge Recommends that Defendant Taqueria Govea's Motion for Summary Judgment (Document No. 19) be GRANTED on Plaintiff's FLSA claim and that the FLSA claim be DISMISSED WITH PREJUDICE, and that the Court decline to exercise supplemental jurisdiction over the remaining state law claims and that those state law claims be DISMISSED WITHOUT PREJUDICE.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 28th day of June, 2018.

*Frances H. Stacy*
FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE